UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN WHITE,

    Plaintiff,

v.

MARK AMOS, et. al,

    Defendants,
_____/

Civil Action No. 2:10-14277
HONORABLE BERNARD A. FRIEDMAN
UNITED STATES DISTRICT COURT

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### I. INTRODUCTION

Before the Court is Plaintiff Sean White's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Michigan Reformatory in Ionia, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).

1

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III.  COMPLAINT

Plaintiff claims that on April 23, 2002, defendants Mark Amos, Edmund Rudoni, and Marcus Perttunen, all Detroit Police officers, stopped plaintiff while he was driving on Frankfort and Conner streets in Detroit, Michiigan. Plaintiff claims that the officers committed a battery upon him by hitting him with their scout car. Plaintiff further claims that the defendants brought a false homicide charge against him which was later dismissed. Plaintiff claims that there was no legal basis to arrest and to detain him. Plaintiff claims that he was wrongfully arrested by the defendants and that he was a victim of excessive force from his arrest. Plaintiff seeks monetary damages and declarative relief.

2

## IV. DISCUSSION

Plaintiff's claims must be dismissed because they are barred by the statute of limitations. In order to dismiss a prisoner civil rights action under the preliminary screening process because the statute of limitations has expired, a federal court must find that the expiration of the statute of limitations is clear on the face of the complaint. *Johnson v. Hill,* 965 F. Supp. 1487, 1489 (E.D. Va. 1997); *See also McLittle,* 974 F. Supp. at 637.

Plaintiff claims that he was the victim of a false arrest, false imprisonment, and excessive force when he was arrested on April 23, 2002. In Section 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. *Dixon v. Anderson*, 928 F. 2d 212, 215 (6th Cir. 1991)(citing to *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)). In Michigan, the three (3) year statute of limitations contained in M.C.L.A. 600.5805(8) is the uniform limitations period to be applied to section 1983 claims which arise out of Michigan. *Carroll v. Wilkerson*, 782 F. 2d 44, 45 (6th Cir. 1986); *McLittle*, 974 F. Supp. at 637. Plaintiff's claim that he was wrongfully arrested would accrue from the date of his arrest, April 23, 2002. *See McCune v. City of Grand Rapids,* 842 F. 2d 903, 906 (6th Cir. 1988). Plaintiff's excessive force claim would likewise accrue from the date of his arrest, April 23, 2002. *See Drake v. City of Detroit, Michigan,* 266 Fed. Appx. 444, 448 (6th Cir. 2008). Because plaintiff's action was filed more than three years after the alleged false arrest and excessive force took

place, plaintiff's claims against the defendants are barred by the statute of limitations. *Id.* [1]

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

                                        s/Bernard A. Friedman_____
                                        **HONORABLE BERNARD A. FRIEDMAN**
                                        **UNITED STATES DISTRICT JUDGE**
DATED: November 29, 2010

---

[1] In addition, plaintiff's incarceration would not toll the limitations period. Effective April 1, 1994, the Michigan legislature amended M.C.L.A. 600.5851(3) to abolish imprisonment as a disability that would toll the accrual of the statute of limitations. *See Manning v. Bolden,* 25 Fed. Appx. 269, 271 (6th Cir. 2001).

4